IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL GRECCO PRODUCTIONS, INC.,

    Plaintiff,

v.

DAN DASILVA,

    Defendant.

Case No.: _____

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Grecco Productions, Inc. ( "Plaintiff"), by its undersigned attorneys, Duane Morris LLP, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501, *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a photography studio and film production business owned and operated by award-winning commercial photographer and film director Michael Grecco. Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc. Plaintiff is incorporated under the laws of California and has a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

3. Upon information and belief, defendant Dan Dasilva ("Defendant") transacts business as an on-line retail and marketing consultant, operating individually and/or under one or more fictitious trade names, such as EcomCrusaders. Defendant purports to specialize in setting up eCommerce retail websites using a third-party website hosting platform called Shopify.com.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. On information and belief, Defendant regularly solicits, transacts, and/or is doing business on an ongoing basis within the State of Florida and within this Judicial District and Division.

6. The Defendant purposefully targeted the State of Florida and this Judicial District and Division to conduct the business transaction and copyright infringement giving rise to this Complaint, when he contracted with Avia Essentials, LLC, d/b/a Only Sierra ("Avia") to create an interactive retail website to operate on the Shopify platform at the web page http://www.OnlySierra.com (the "Website"). In creating the Website for Avia pursuant to their agreement, Defendant committed the copyright infringement at issue in this Complaint. Avia is organized under the laws of Florida and lists on its website the business address of 4195 Tamiami Trail South PMB 123, Venice, FL 34293.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District and, as mentioned above, the infringement occurred in the course of Defendant's

performance of a transaction with Avia that took place in and targeted this Judicial District and Division.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8.     Plaintiff is known for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for major media companies and brands. Among its many valuable photographs, Plaintiff is the author and exclusive owner of all copyrights in a photographic image taken in 2009 of model April Hutchings (the "Copyrighted Work"), which after being registered as unpublished with the United States Copyright Office was licensed for use on the Reiss Clothing Blog, as seen at <https://www.reiss.com/us/explore/guest-stylist/macandmir/>. Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

9.     The United States Copyright Office issued Plaintiff a registration for the Copyrighted Work, effective on April 27, 2009, as part of the works entitled Grecco Photography 1/25/09 to 4/19/09. Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VAu 1-017-645 obtained from the United States Copyright Office.

10.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work, including without limitation the exclusive rights to reproduce, display, and distribute the Copyrighted Work, and to prepare derivative works based upon the Copyrighted Work.

**B.     Defendant's Unlawful Activities**

11.     Upon information and belief, Defendant operated and continues to operate either as an individual or under one or more fictitious trade names, such as EcomCrusaders, providing eCommerce and online marketing and retail consulting services, including setting up eCommerce websites for small businesses.

3

12. In 2016, Plaintiff discovered that the Website publicly displayed an infringing reproduction of the Copyrighted Work, without Plaintiff's license, authorization, or other permission.

13. In connection with his effort to resolve the infringement of the Copyrighted Work on the Website, Plaintiff learned from Avia that Defendant contracted with Avia to establish the Website. On information and belief, based on his contract with Avia, the Defendant reproduced the Copyrighted Work, incorporated it into the Website he constructed, as the landing or "Home" page, then distributed the Website to Avia for public display and operation on the Shopify hosting platform.

14. A copy of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

15. Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Work shall be referred to hereinafter as "the Infringing Work."

16. The metadata embedded in the Copyrighted Work and reproduced in the Infringing Work identifies Michael Grecco as the author of the image. As a result, Defendant knew or should have known whom to contact in order to request a license or permission to use the Copyrighted Work.

17. The Defendant never sought a license or other permission from the Plaintiff for his reproduction, distribution and display of the Copyrighted Work, and Plaintiff never provided a license or other authorization permitting the Defendant's reproduction or use of his Copyrighted Work.

18. On information and belief, as a professional website designer and eCommerce consultant, Defendant is sophisticated and knowledgeable concerning the exclusive rights authors of copyrighted works obtain, the need to obtain a license or other permission to use another's copyrighted work for one's own commercial purposes, and the value and import of

copyrighted images to the success of commercial ventures, such as eCommerce retail websites.

19. Defendant created and used the Infringing Work for the commercial purpose of performing his contract with Avia to set up and deliver an operable retail website. Defendant sought to profit, and has profited, from the Infringing Work, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

20. On information and belief, Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work and the creation and use of the Infringing Work has been willful and intentional.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

21. Plaintiff re-alleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

22. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

23. Upon information and belief, as a result of Defendant's reproduction, distribution and public display of the Copyrighted Work and Plaintiff's publication of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's Infringing Work.

24. By its actions set forth above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing the

Copyrighted Work without permission and distributing and publicly displaying the Infringing Work.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, and Defendant has profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's willful infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or statutory damages up to a maximum of $30,000 with respect to each Copyrighted Work infringed, should the Defendant's infringement be found not to have been willful.

27. Alternately, and at Plaintiff's election, pursuant to 17 U.S.C. 504(b), Plaintiff is entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits to its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be established at trial.

28. Plaintiff is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Defendant's conduct has caused irreparable injury to Plaintiff, which will continue unless Defendant's infringing conduct is enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF

## INDUCEMENT OF COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 101 *et seq.*)

30. Plaintiff re-alleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

31. Upon information and belief, Defendant materially contributed to and induced the unauthorized copying, distribution and display of the Copyrighted Work by incorporating its Infringing Work into an eCommerce retail Website developed for Avia with the intention that Avia operate the Website online, displaying the Infringing Work to all potential customers and other viewers of the Website.

32. Defendant knew or should have known that its actions would Avia, and potentially others, to reproduce, distribute, and/or display the Copyrighted Work without license, permission or authority, in violation of Plaintiff's exclusive copyrights.

33. Defendant undertook to induce Avia, and potentially other third parties, to infringe Plaintiff's exclusive copyrights in the Copyrighted Work for Defendant's own profit and benefit.

34. As a result of Defendant's inducement of, and contribution to, the infringement by third parties of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff has suffered harm.

35. As a direct and proximate result of Defendant's willful inducement of the infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of

$150,000 with respect to each Copyrighted Work infringed, or statutory damages up to a maximum of $30,000 with respect to each Copyrighted Work infringed, should the Defendant's inducement of infringement be found not to have been willful.

36. Alternately, and at Plaintiff's election, pursuant to 17 U.S.C. 504(b), Plaintiff is entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendant's profits to its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be established at trial.

37. Plaintiff is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. Defendant's conduct has caused irreparable injury to Plaintiff, which will continue unless Defendant's infringing conduct is enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

2. A declaration that Defendant has induced one or more third parties to infringe Plaintiff's exclusive copyrights in the Copyrighted Work in violation of the Copyright Act;

3. A declaration that Defendant's direct infringement and / or inducement of infringement has been willful;

4. An award of Plaintiff's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined at trial, or, at Plaintiff's election, an

award of statutory damages in an amount determined at trial, pursuant to 17 U.S.C. §§ 504(c);

    5.    An award of Plaintiff's costs and expenses incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

    6.    An award of interest, including pre-judgment interest, on the foregoing sums;

    7.    A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

    (a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Copyrighted Work or to participate or assist in any such activity; and

    (b)    directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work or Infringing Work.

    8.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully Submitted

Dated: December 15, 2016

**DUANE MORRIS LLP**

By: _____
Karen C. Kline
Florida Bar No. 059998
5100 Town Center Circle, Suite 650
Boca Raton, FL 33486-9000
Telephone: (561) 962-2132
Facsimile: (305) 397 2248
Email: KCKline@duanemorris.com

*Attorneys for Plaintiff Michael Grecco Productions, Inc.*