## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL GRECCO PRODUCTIONS, INC.,

      Plaintiff,                           Case No.: 8:16-cv-03434-MSS-AEP

v.

DAN DASILVA,

      Defendant.

_____/

## DEFENDANT DAN DASILVA'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, DAN DASILVA ("**Defendant**" or "**Mr. Dasilva**"), by and through his undersigned counsel, hereby answers and affirmatively defends the correspondingly numbered paragraphs in Plaintiff's Complaint and Jury Demand as follows:

## SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501, *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**ANSWER:**    **No answer is required to the allegations in Paragraph 1. To the extent an answer is required, Mr. Dasilva hereby denies the allegations of Paragraph 1.**

## PARTIES

2.      Plaintiff is a photography studio and film production business owned and operated by award-winning commercial photographer and film director Michael Grecco. Plaintiff is the successor by corporate name change to Michael Grecco Photography, Inc. Plaintiff is incorporated

under the laws of California and has a principal place of business at 3103 17th Street, Santa Monica, CA 90405.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 2.**

3.     Upon information and belief, defendant Dan Dasilva ("Defendant") transacts business as an on-line retail and marketing consultant, operating individually and/or under one or more fictitious trade names, such as EcomCrusaders. Defendant purports to specialize in setting up eCommerce retail websites using a third-party website hosting platform called Shopify.com.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 3.**

<u>JURISDICTION AND VENUE</u>

4.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

**ANSWER:     Mr. Dasilva does not contest jurisdiction in this matter. Mr. Dasilva otherwise denies the allegations of Paragraph 4.**

5.     Personal jurisdiction over Defendant is proper. On information and belief, Defendant regularly solicits, transacts, and/or is doing business on an ongoing basis within the State of Florida and within this Judicial District and Division.

**ANSWER:     Mr. Dasilva does not contest personal jurisdiction in this matter. Mr. Dasilva otherwise denies the allegations of Paragraph 5.**

6.     The Defendant purposefully targeted the State of Florida and this Judicial District and Division to conduct the business transaction and copyright infringement giving rise to this Complaint, when he contracted with Avia Essentials, LLC, d/b/a Only Sierra ("Avia") to create an interactive retail website to operate on the Shopify platform at the web page http://www.OnlySierra.com (the "Website"). In creating the Website for Avia pursuant to their agreement, Defendant committed the copyright infringement at issue in this Complaint. Avia is organized under the laws of Florida and lists on its website the business address of 4195 Tamiami Trail South PMB 123, Venice, FL 34293.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 6.**

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District and, as mentioned above, the infringement occurred in the course of Defendant's performance of a transaction with Avia that took place in and targeted this Judicial District and Division.

**ANSWER:     Mr. Dasilva does not contest venue in this matter. Mr. Dasilva otherwise denies the allegations of Paragraph 7.**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.  Plaintiff's Business

8.     Plaintiff is known for its iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for major media companies and brands. Among its many valuable photographs, Plaintiff is the author and exclusive owner of all copyrights in a photographic image taken in 2009 of model April Hutchings (the "Copyrighted Work"), which after being registered as unpublished with the United States Copyright Office was licensed for use on the Reiss Clothing Blog, as seen at <https:llwww.reiss.com/us/explore/guest-

stylist/macandmir/>. Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

**ANSWER:    Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 8.**

9.      The United States Copyright Office issued Plaintiff a registration for the Copyrighted Work, effective on April 27, 2009, as part of the works entitled Grecco Photography 1/25/09 to 4/19/09. Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VAu 1-017-645 obtained from the United States Copyright Office.

**ANSWER:    Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 9.**

10.      Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work, including without limitation the exclusive rights to reproduce, display, and distribute the Copyrighted Work, and to prepare derivative works based upon the Copyrighted Work.

**ANSWER:    Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 10.**

**B.  Defendant's Unlawful Activities**

11.      Upon information and belief, Defendant operated and continues to operate either as an individual or under one or more fictitious trade names, such as EcomCrusaders, providing eCommerce and online marketing and retail consulting services, including setting up eCommerce web sites for small businesses.

**ANSWER:    Mr. Dasilva denies the allegations of Paragraph 11.**

12.     In 2016, Plaintiff discovered that the Website publicly displayed an infringing reproduction of the Copyrighted Work, without Plaintiff's license, authorization, or other permission.

**ANSWER:    Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 12.**

13.     In connection with his effort to resolve the infringement of the Copyrighted Work on the Website, Plaintiff learned from Avia that Defendant contracted with Avia to establish the Website. On information and belief, based on his contract with Avia, the Defendant reproduced the Copyrighted Work, incorporated it into the Website he constructed, as the landing or "Home" page, then distributed the Website to Avia for public display and operation on the Shopify hosting platform.

**ANSWER:    Mr. Dasilva denies the allegations of Paragraph 13.**

14.     A copy of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

**ANSWER:    No answer is required to the allegations in Paragraph 14 as the referenced Exhibit speaks for itself. To the extent an answer is required, Mr. Dasilva hereby denies the allegations of Paragraph 14.**

15.     Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Work shall be referred to hereinafter as "the Infringing Work."

**ANSWER:    No answer is required to the allegations in Paragraph 15. To the extent an answer is required, Mr. Dasilva hereby denies the allegations of Paragraph 15.**

16.     The metadata embedded in the Copyrighted Work and reproduced in the Infringing Work identifies Michael Grecco as the author of the image. As a result, Defendant knew or should

have known whom to contact in order to request a license or permission to use the Copyrighted Work.

**ANSWER:     Mr. Dasilva is without knowledge as to the metadata embedded in the Copyrighted Work and Infringing Work, and therefore denies the allegation in relation to those allegations. Mr. Dasilva otherwise denies the remaining allegations of Paragraph 16.**

17.     The Defendant never sought a license or other permission from the Plaintiff for his reproduction, distribution and display of the Copyrighted Work, and Plaintiff never provided a license or other authorization permitting the Defendant's reproduction or use of his Copyrighted Work.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 17.**

18.     On information and belief, as a professional website designer and eCommerce consultant, Defendant is sophisticated and knowledgeable concerning the exclusive rights authors of copyrighted works obtain, the need to obtain a license or other permission to use another's copyrighted work for one's own commercial purposes, and the value and import of copyrighted images to the success of commercial ventures, such as eCommerce retail websites.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 18.**

19.     Defendant created and used the Infringing Work for the commercial purpose of performing his contract with Avia to set up and deliver an operable retail website. Defendant sought to profit, and has profited, from the Infringing Work, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 19.**

20.     On information and belief, Defendant's infringement of Plaintiffs exclusive rights in the Copyrighted Work and the creation and use of the Infringing Work has been willful and intentional.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 20.**

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et. seq.*)**

21.     Plaintiff re-alleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

**ANSWER:     Mr. Dasilva incorporates his responses to Paragraphs 1 – 20 herein.**

22.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 22.**

23.     Upon information and belief, as a result of Defendant's reproduction, distribution and public display of the Copyrighted Work and Plaintiffs publication of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's Infringing Work.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 23.**

24.     By its actions set forth above, Defendant has infringed and violated Plaintiffs exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing the Copyrighted Work without permission and distributing and publicly displaying the Infringing Work.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 24.**

25.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights has been willful and deliberate, and Defendant has profited at the expense of Plaintiff.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 25.**

26.     As a direct and proximate result of Defendant's willful infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or statutory damages up to a maximum of $30,000 with respect to each Copyrighted Work infringed, should the Defendant's infringement be found not to have been willful.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 26.**

27.     Alternately, and at Plaintiff's election, pursuant to 17 U.S.C. 504(b), Plaintiff is entitled to recover damages based on Plaintiffs lost profits and the disgorgement of Defendant's profits to its infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be established at trial.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 27.**

28.     Plaintiff is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 28.**

29.     Defendant's conduct has caused irreparable injury to Plaintiff, which will continue unless Defendant's infringing conduct is enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 29.**

## SECOND CLAIM FOR RELIEF
## INDUCEMENT OF COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et. seq.*)

30.      Plaintiff re-alleges paragraphs 1 through 20 above and incorporates them by reference as if fully set forth herein.

**ANSWER:     Mr. Dasilva incorporates his responses to Paragraphs 1 – 20 herein.**

31.     Upon information and belief, Defendant materially contributed to and induced the unauthorized copying, distribution and display of the Copyrighted Work by incorporating its Infringing Work into an eCommerce retail Website developed for Avia with the intention that Avia operate the Website online, displaying the Infringing Work to all potential customers and other viewers of the Website.

**ANSWER:     Mr. Dasilva denies the allegations of Paragraph 31.**

32.     Defendant knew or should have known that its actions would Avia, and potentially others, to reproduce, distribute, and/or display the Copyrighted Work without license, permission or authority, in violation of Plaintiffs exclusive copyrights.

9

> **ANSWER:      Mr. Dasilva denies the allegations of Paragraph 32.**

33.      Defendant undertook to induce Avia, and potentially other third parties, to infringe Plaintiffs exclusive copyrights in the Copyrighted Work for Defendant's own profit and benefit.

> **ANSWER:      Mr. Dasilva denies the allegations of Paragraph 33.**

34.      As a result of Defendant's inducement of, and contribution to, the infringement by third parties of Plaintiffs exclusive copyrights in the Copyrighted Work, Plaintiff has suffered harm.

> **ANSWER:      Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 34.**

35.      As a direct and proximate result of Defendant's willful inducement of the infringement of Plaintiffs exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed, or statutory damages up to a maximum of $30,000 with respect to each Copyrighted Work infringed, should the Defendant's inducement of infringement be found not to have been willful.

> **ANSWER:      Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 35.**

36.      Alternately, and at Plaintiffs election, pursuant to 17 U.S.C. 504(b), Plaintiff is entitled to recover damages based on Plaintiffs lost profits and the disgorgement of Defendant's profits to its infringements of Plaintiffs exclusive rights in the Copyrighted Work, which amounts will be established at trial.

> **ANSWER:      Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 36.**

37.     Plaintiff is entitled to an award of its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 37.**

38.     Defendant's conduct has caused irreparable injury to Plaintiff, which will continue unless Defendant's infringing conduct is enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

**ANSWER:     Mr. Dasilva is without knowledge and therefore denies the allegations of Paragraph 38.**

**Any allegations contained in Plaintiff's Complaint that are not specifically answered above are by this reference expressly denied, and strict proof thereof is demanded.**

## AFFIRMATIVE DEFENSES

1.     Mr. Dasilva has not engaged in direct copyright infringement nor induced indirect copyright infringement as to the Copyrighted Work or Infringing Work.

2.     Any alleged distribution or display of the Copyrighted Work or Infringing Work by Mr. Dasilva was *de minimis* or constitutes fair use pursuant to 17 U.S.C. § 107.

3.     Any alleged distribution or display of the Copyrighted Work or Infringing Work by Mr. Dasilva was done so as an innocent infringer inasmuch as those actions were taken without his knowledge or awareness, or without his knowledge or awareness that such actions constituted an infringement pursuant to 17 U.S.C. § 504(c)(2).

4.     Plaintiff's claims are barred as any alleged distribution or display of the Copyrighted Work or Infringing Work by Mr. Dasilva was done so in his capacity as a service provider and is protected by the safe harbor provisions of 17 U.S.C. § 512 *et. seq.*

5.     Mr. Dasilva is entitled to a setoff for damages sought by the Plaintiff in the form of collateral payments Plaintiff received from Avia.

6.     Plaintiff's claims are barred by collateral estoppel and *res judicata* to the extent that such claims were not brought in a prior lawsuit filed by the Plaintiff against Avia, the facts of such prior lawsuit being the same as those outlined in the Complaint.

7.     Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8.     Plaintiff is barred by laches, estoppel, and/or acquiescence from asserting its claims.

9.     Plaintiff is barred under the doctrine of unclean hands from asserting its claims.

**WHEREFORE**, Defendant requests that this Court dismiss Plaintiff's claims with prejudice, award Mr. Dasilva his attorneys' fees and costs, and provide such other and further relief as the Court may deem just and proper.

*/s/ Tyler A. Hayden*
JON P. TASSO
Florida Bar No.: 120510
jont@smolkerbartlett.com
susanm@smolkerbartlett.com
TYLER A. HAYDEN
Florida Bar No.: 95205
TylerH@smolkerbartlett.com
Amandad@smolkerbartlett.com
SMOLKER, BARTLETT, LOEB,
HINDS & SHEPPARD, P.A.
100 N. Tampa Street, Suite 2050
Tampa, Florida 33602
P: 813-223-3888  F: 813-2286422
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2017,  I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Karen C. Kline, Esq., KCKline@duanemorris.com, Duane Morris, LLP, 5100 Town Center Circle, Suite 650 Boca Raton, Florida 33486.


*/s/ Tyler A. Hayden*
TYLER A. HAYDEN
Florida Bar No.: 95205